WILLIAMS, Judge.
Plaintiff, Burley Deville, individually and on behalf of his minor daughter, Janet Deville, filed the instant suit on an uninsured motorist claim against the defendant Employers’ Liability Assurance Corporation, Ltd.' The minor daughter was the driver of plaintiff’s automobile and was involved in a collision with a vehicle being driven by Mark W. Howard, the minor son of T. C. Howard. The collision occurred on January 27, 1968 at the intersection of Virginia Street and U. S. Highway 80 in Ouachita Parish, Louisiana. As a result of this collision Janet Deville received serious and painful facial injuries.
It was determined by plaintiff that T. C. Howard had no public liability insurance on the vehicle driven by Mark. In this *828 suit plaintiff called on defendant to pay $4,790 for the benefit of his minor daughter for injuries she suffered in the collision. Plaintiff also asked for the sum of $210 for future medical expenses consisting of dental work.
The trial court awarded judgment in favor of plaintiff in the sum of $150 for future medical expenses and $2,900 for the general damages suffered by the minor, Janet. The court also denied plaintiff’s demands for penalties and attorney’s fees. Plaintiff has taken a devolutive appeal from this judgment and asks that the award for the benefit of the minor be increased to $5,000. Plaintiff also asks this court to assess a penalty of 12% on the award granted plus attorney’s fees for its defendant’s allegedly arbitrary refusal to settle for the amount claimed. The defendant objects to this and asks this court to affirm the judgment of the trial court.
The issues before this court on appeal are whether the amount awarded plaintiff in compensation of the injuries suffered by his minor daughter Janet was adequate and whether plaintiff is entitled to penalties and attorney’s fees.
Counsel for defendant concedes in brief that plaintiff is entitled to recover $150 for future medical expenses and this amount is -not questioned by plaintiff. Therefore this court is not called on to consider this award.
The injuries suffered by Miss Deville were described by Dr. Henry Guerriero, a general practitioner and surgeon, who saw her immediately after the accident as follows:
“A. Well, the young lady had sustained a bad injury to her lower lip. The lip had been completely driven over the lower teeth and it had pulled into the mouth and made the lip look like it had been completely cut off. The teeth were through the lip itself and the margin of the mucus membrane of the lip where it attaches to the, what we call the alveoli margin or the margin where the teeth are, is completely torn loose from that area. In other words, the whole inside of her mouth has been — the mucus membrane has been torn from the teeth margin. She had a big laceration of the— and a deep one on the cheek on the inside. She had a hematoma and brush burn and echinosis of the right temple region and, of course, like all of these accident cases they are always in a state of mild shock from the accident itself as well as the injuries sustained. Although her injuries were not critical they were extensive about the face there.
“Q. All right, sir. Did she have any bruises or any others on her knees that you—
“A. Yes, she complained of her knees and it was just contused and some echi-nosis on the lower extremity.
“Q. Did she have any injuries to her teeth — to the teeth themselves, Doctor?
“A. The lower teeth — a couple of them —the enamel had been chipped off the incisor teeth on the left side of her mouth. The teeth had been broken off.”
The doctor described the procedure followed in repositioning of these tissues that had been altered by the trauma or blow received when Miss Deville’s mouth struck the steering wheel. Approximately thirty sutures were necessary to close the wounds.
Dr. Guerriero permitted his patient to go home after 24 hours in the hospital. He stated that his reason for this early release was that Miss Deville’s mother is a registered nurse and that proper care for the patient was thus assured.
Dr. James M. Henderson, a dentist, described the condition of Miss Deville’s teeth when he first saw her just following the accident. He found she had two fractured teeth and described them as follows:
“The crowns of the mandibular right and left central and lateral incisors were fractured.”
*829 Dr. Henderson stated he could initiate no treatment for Miss Deville at that time due to the condition of her mouth. On March 6, 1968 following the accident he placed temporary crowns on the fractured teeth. On May 8, 1968 he found one of the fractured teeth had become non-vital and it was necessary to perform root-canal dental surgery. Such surgery was described by the dentist. It requires special skill by a dentist and several office visits by the patient. Dr. Henderson stated the temporary crowns placed on the teeth of Miss Deville, who was then 15 years of age, would have to be replaced when she reached her 17th or 18th birthday.
Miss Deville described the difficulty of taking nourishment immediately following her injury and for several days thereafter. The fractured teeth were sensitive to cold or hot liquids or solid foods until the temporary crowns were in place.
The pictures of Miss Deville filed in the record dramatically show the scars resulting from her injuries. Dr. Guerriero testified that these scars are permanent and cannot be helped too much by plastic surgery.
This court is aware of the effect that such scars produce in the day to day life of a young lady. Facial disfigurement such as this is a special fact to be considered in the case of a young girl.[1]
Careful examination of the record and the exhibits has convinced us that the award of the trial court for the injuries suffered by Janet Deville is inadequate. In our opinion the award of the trial court should be increased to the sum of $4,790. The plaintiff’s request for penalties and attorney’s fees is denied.
For the reasons assigned, therefore, the judgment appealed from in the instant suit is amended by increasing the award of damages in favor of plaintiff, Burley De-ville, in behalf of his minor daughter, Janet Deville, against the Employers’ Liability Assurance Corporation, Ltd. in the sum of $4,790, together with legal interest thereon at the rate of 5% per annum from January 21, 1969 until paid, and for all costs. In all other respects and as thus amended, the judgment appealed from is affirmed.
The costs of this appeal are assessed to defendants-appellees.
Amended and affirmed.

. Knotts v. Employers Casualty Company, et al, 177 So.2d 630 (Court of Appeal, 3d Cir. 1965).